# CSM Legal, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

clela@csm-legal.com

January 13, 2022

**BY ECF**
Hon. Marcia M. Henry
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>Poulmentis v. Plaza Patisserie et al.</u>, 19-cv-05284

Your Honor:

This office represents Plaintiff in the above-referenced matter. Plaintiff writes to submit his views on why the agreed upon settlement in this matter is fair and reasonable. Plaintiff intends to withdraw the pending motion (docket no. 33).

The parties have agreed to a Settlement Agreement ("Agreement") after extensive settlement discussions and several mediation sessions with a court-appointed mediator, Terrance J. Nolan. A copy of the proposed Agreement is attached hereto as "Exhibit A." We respectfully request the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015).

1. **Background**

On or about September 17, 2019, Plaintiff, commenced an action in the United States District Court for the Eastern District of New York, under docket number 19-cv-5284 ("the Action"). In his Complaint, Plaintiff alleged claims for, *inter alia*, unpaid minimum wages, unpaid overtime compensation, the failure to provide wage notices and accurate wage statements, and the recovery of equipment costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and New York Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL").

Plaintiff was employed by Defendants at a restaurant doing business under the name "Akrotiri Seafood Taverna". Plaintiff alleges that Defendants maintained a policy and practice of requiring Plaintiff to work in excess of forty hours per week without paying him the proper minimum wage and overtime compensation required by federal and state laws. Specifically, Chef Poulmentis reports working long hours, upwards of one hundred per week at some times, while being paid a fixed salary of $800 per week.

Defendants adamantly deny any and all wrongdoing and allege that Plaintiff was properly compensated for all hours worked.

2. **Settlement Terms**

Plaintiff alleges he was entitled to back wages of approximately $82,787.50. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $20,000.00 Allocations of the payment are provided for at paragraph 1 in the Agreement (Exhibit A).

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Defendants have indicated that they were and are financially strained due to the ongoing COVID-19 pandemic. Given their precarious financial situation and the going on three years that this case has been pending, Plaintiff has elected to settle for this amount rather than spend further time and resources litigating towards a judgment he may be unable to collect

3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with Plaintiff, Plaintiff's counsel will receive $6,600.00 from the settlement fund as attorneys' fees and costs. This represents approximately one third of the recovery in this litigation (inclusive of costs) as well as a reduction in fees from what is identified in Plaintiff's retainer agreements, which provide that forty percent of Plaintiff's recovery will be retained by the firm plus costs.

Plaintiff's counsel's lodestar in this case is $27,152.50 and Plaintiff's costs are $500.00. A copy of Plaintiff's billing record is attached as "Exhibit C." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature

of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience in representing plaintiffs in wage and hour matters, Plaintiff's counsel was able to obtain an acceptable result with relatively low expense due to the parties' cooperative exchange of information and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

i. Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

ii. Clela A. Errington is an associate at CSM Legal, P.C., formerly Michael Faillace & Associates. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joining Michael Faillace & Associates in 2020 and CSM Legal, P.C. in 2021. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. Plaintiff thanks the Court for its time and consideration of this matter.

Respectfully submitted,

/s
Clela Errington
CSM Legal P.C.
*Attorneys for Plaintiffs*

cc: All counsel via ECF

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf, and order is entered to that effect.

Page 4

Attachments