# SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiff Nicholas Poulmentis ("Plaintiff"), and defendants Christos Kouvaros ("Kouvaros") and Plaza Patisserie, Inc. d/b/a Akrotiri Sea Food Taverna ("Defendants" and together with Plaintiffs, "Parties").

**WHEREAS**, on September 17, 2019, Plaintiff filed a Complaint in the United States District Court, Eastern of New York, captioned <u>Nicholas Poulmentis v. Plaza Patisserie, Inc. et al</u>, Case No. 19-cv-5284 under the Fair Labor Standards Act, and the New York Labor Law, and the wage order of the New York Commissioner of Labor; and

**WHEREAS**, the Action was initially brought as a putative collective action, but Plaintiff never sought to certify the Action as a collective action and thus the Action did not proceed collectively; and

**WHEREAS**, on February 12, 2020 defendant Kouvaros filed his Answer to the Complaint, denying the material allegations of the Complaint and asserting various defenses; and

**WHEREAS**, there is a bona fide dispute as to the viability of Plaintiff's claims and whether, and to what extent, Defendants have any liability to Plaintiff for unpaid wages, overtime or other compensation; and

**WHEREAS**, Kouvaros has caused to be filed an action in Queens County Civil Court with the Index No. QCV-024385-2019 (the "Civil Court Action");

**WHEREAS**, the Parties have determined it to be in their mutual interests to settle the Action, the Civil Court Action and all other matters between them; and

**WHEREAS**, the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**WHEREAS**, throughout the negotiation and execution of this Agreement, Plaintiff have been represented by their counsel, Clela A. Errington, Esq., CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, telephone number (212) 317-1200 ("Plaintiff's Attorneys"); and

**WHEREAS**, Defendants have been represented by their counsel Christopher Travis, Esq. Travis Law PLLC, 40 Wall Street, Suite 2508, New York, NY 10005, telephone number (212) 248-2120 ("Defendants' Attorneys"); and

**WHEREAS**, the parties participated in an arms-length negotiation and have reached a mutually acceptable settlement Agreement;

**WHEREAS**, the Parties acknowledge that they have each entered into the Agreement freely and voluntarily, without threats or coercion of any kind by anyone, after an arms-length

negotiation between Plaintiff's Attorneys and Defendants' Attorneys, both of whom are experienced in actions of this nature; and

**WHEREAS**, the Parties acknowledge that they each understand the meaning and effect of the execution of this Agreement.

**NOW THEREFORE**, in consideration of the mutual covenants and undertakings set forth in this Agreement, and for good and valuable consideration, the sufficiency of which is acknowledged hereby, Plaintiff and Defendants, intending to be legally bound, hereby agree as follows:

1. **Consideration.** In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's release of claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 3 below, Defendants shall pay to Plaintiff the total sum of Twenty Thousand Dollars and Zero Cents (the "Settlement Amount") as follows:

    a. An single payment the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00) as follows:
       i. One check in the amount of Thirteen Thousand Four Hundred Dollars and Zero Cents ($13,400.00) made out to **Nicholas Poulmentis** to be delivered within thirty (30) days of the Court's approval of this settlement; AND
       ii. One check in the amount of Six Thousand Six Hundred Dollars and Zero Cents ($6,600.00) made out to **CSM Legal, PC**. To be delivered within thirty (30) days of the Court's approval of this settlement

    b. The payments set forth in Paragraph 1.a. of the Agreement shall be sent to: CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, Attn: Clela A. Errington, Esq.

    c. Defendants shall be in curable default if they fail to make any payment when due pursuant to Paragraphs 1.a and 1.b of this Agreement. Plaintiff or his authorized agent shall send a notice via First Class Mail and Email of such default addressed to Defendants' attorney, Christopher Travis, Esq. Travis Law PLLC, 40 Wall Street, Suite 2508, New York, NY 10005 ctravis@travislawnyc.com. Such default may be cured by Defendants making payment of the delinquent payment within ten (10) business days of Defendants' attorneys' receipt of Plaintiff's notice of default. Said notice of default shall be deemed received five days after it is mailed.

    d. Except as set forth in this Paragraph 1, Plaintiff is not entitled to, and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledge and agree that unless they enter into this Agreement, they are

not otherwise entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiff acknowledges and agrees that after receipt of the consideration set forth in this Paragraph 1, he has been paid and/or has received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which he is, was, or may have been, entitled.

e.     The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants arising from or concerning the payment of wages or benefits in connection with employment, liquidated damages, interest, attorneys' fees and costs and all claims for wages or other compensation which were or could have been asserted in the Plaintiff's Complaint and all other related matters.

f.     Plaintiff represents that they are not aware of any existing lien against their recovery in this action. Plaintiff agrees to release, hold harmless and indemnify Defendants from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including but not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against their recovery in this action, including that portion of the recovery representing fees for legal services.

g.     Plaintiff further acknowledges that Defendants, their administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, are not responsible for the satisfaction of any lien upon Plaintiff's respective or total recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively their responsibility. Plaintiff further agrees that should litigation be commenced against Defendants, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown, relating to Plaintiff's recovery in this action, as well as that portion representing fees for legal services, Plaintiff shall fully indemnify Defendants, and their successors and assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action, and/or the defense of their successors and assigns.

h.     Upon Court Approval of the Agreement, Defendants will issue, or cause to be issued to CSM Legal, P.C. and Plaintiff each an IRS Form 1099 regarding the payment of the Settlement Amount made pursuant to this Paragraph 1.

i.     If, for any reason, it is determined by any federal, state or local authority that the sums and payments set forth in this Paragraph 1, or any portion thereof, should have been subject to taxation or withholding, Plaintiff agrees that they shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that each of them shall indemnify and hold harmless Defendants from any withholding or tax payment, interest or penalties required to be paid by Defendants thereon, except for Defendants' share of any

FICA payment that may be due. Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification-and-hold-harmless provision, Plaintiff will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

2. **Limited Release of Claims.** In exchange for and in consideration of the covenants and promises contained herein, Plaintiffs, individually on behalf of their children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and releases Christos Kouvaros in his individual and corporate capacity, and his heirs, executors, administrators, attorneys, successors and assigns; Plaza Patisserie, Inc. d/b/a Akrotiri Sea Food Taverna, its parent and subsidiary corporations, shareholders, officers, attorneys, successors and assigns (collectively, "Releasees") from any and all actions, causes of action, obligations, liabilities, claims, debts, losses, charges, grievances, complaints, suits and/or demands that Plaintiff may have, known or unknown, contingent or otherwise, arising under the Fair Labor Standards Act or the New York Labor Law arising from Defendants' compensation of Plaintiff during their respective employment with any Defendant, including but not limited to the release of any claims for unpaid, inaccurate payment of, or nonpayment of wages, tips and any other compensation, failure to provide requisite notice of pay rate or wage statements, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including federal and New York law (29 U.S.C. §§ 201, *et. seq.*, New York Labor Law §§ 191, 195, 198 (1-b), 198 (1-d), 650, *et. seq.*, and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiff may have under this Agreement.

Plaintiff acknowledges and agrees that, by signing this Agreement, he is surrendering and giving up any right they have or may have, without limiting the generality of any other provision herein, to assert any claim under the aforementioned federal and state wage and hour laws, arising from or concerning Defendant's compensation of Plaintiff during his employment with the Defendant.

3. **Discontinuance of Claims.** It is the intention of the Parties that this Agreement is intended to extinguish all claims Plaintiff asserted against Defendants in the Action, as well as to extinguish all claims Defendant asserted against Plaintiff in the Civil Court Action, and that the Action and Civil Court Action be dismissed with prejudice. Plaintiff agrees to dismiss and withdraw the Action by executing the Stipulation of Voluntary Dismissal with Prejudice in the form annexed hereto as Exhibit B ("Stipulation"), which Stipulation shall be filed by Plaintiff's Attorney. Defendant agrees to cause to be dismissed the Civil Court Action in the Queens County Civil Court.

4. **Attorneys' Fees in Suit.** If the Plaintiff breaches the terms of this Agreement, and/or files a lawsuit or arbitration regarding claims for actions or inactions pertaining to any claim being released herewith that have predated the execution of this Agreement, then such Plaintiff(s)

will be required and compelled to pay for all fees and costs incurred by the Releasees, including reasonable attorneys' fees, in defending against such claims and/or in seeking or obtaining the dismissal of the same. Similarly, if any or all of the Defendants breach the terms of this Agreement, then such Defendant(s) will be required and compelled to pay for all fees and costs incurred by the Plaintiffs, including reasonable attorneys' fees.

5. **Denial of Wrongdoing.** Nothing contained in this Agreement, nor the fact that Plaintiff have been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Defendants or the Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure the enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

6. **Statement of Fairness.** The Parties acknowledge and agree this settlement is in Plaintiff's and Defendants' respective best interest given the extent of the disputed issues of fact described herein, and taking into account the strengths and weaknesses of each party's case. The Parties agree that the uncertainty of the outcome of trial and the future finances of the Defendants warrants a settlement in the amount of $20,000.00. The Parties further agree that even taking into account the Plaintiff's attorneys' fees to be deducted from the Settlement Amount, the gross settlement of $20,000.00 adequately compensates Plaintiff for unpaid wages as well as a measure of liquidated damages.

7. **Notices.** Unless otherwise provided for herein, all notices to be served under this Agreement shall be provided either via certified mail – return receipt requested or via overnight courier with electronic confirmation of delivery, plus a courtesy email, to the following:

   a. If to Defendants:
      Christopher Travis, Esq.
      Travis Law PLLC
      40 Wall Street
      Suite 2508
      New York, NY 10005
      ctravis@travislawnyc.com

   b. If to Plaintiffs:
      Clela A. Errington, Esq.
      CSM Legal, P.C.
      60 East 42nd Street, Suite 4510
      New York, New York 10165
      clela@csm-legal.com

8. **Choice of Law and Forum.** This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Should

the Eastern District of New York agree to retain jurisdiction over the enforcement of the Agreement, all disputes shall be resolved therein.

**9. Entire Agreement.** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

**10. Modification.** This Agreement may not be changed unless the change is in writing and signed by Plaintiff and his attorneys and an authorized representative of Defendants.

**11. General Provisions.** The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

**12. Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

**13. Legal Counsel.** Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement, which includes a release. Plaintiff hereby acknowledges that he were fully and fairly represented by CSM Legal, P.C., in connection with the review, negotiation and signing of this Agreement.

**14. Competence to Waive Claims.** At the time of considering or executing this Agreement, Plaintiff was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waive any and all claims they may have against the Releasees. Plaintiff certifies that he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against the Releasees.

**15. Execution.** The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

[SIGNATURE PAGE TO FOLLOW]

**PLAINTIFFS**

NICHOLAS POULMENTIS

*[signature]*

Dated: 12-21-21


**DEFENDANTS**

CHRISTOS KOUVAROS

*[signature]*

Dated: 12-21-21


PLAZA PATISSERIE, INC. D/B/A AKROTIRI SEA FOOD TAVERNA

By *[signature]*
Name:
Title: PRESIDENT

Dated: 12-21-21